UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **DERRICK LEVON CARTER** | **DOCKET NO. 06-CV-2150** |
| **VERSUS** | **JUDGE DRELL** |
| **TIM WILKINSON, ET AL** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Derrick Levon Carter, filed *in forma pauperis* on November 8, 2006. Carter is currently incarcerated at the Wade Correctional Center ("Wade") in Homer, Louisiana. However, he claims that he was subjected to excessive force in violation of his constitutional rights while he was housed at Winn Correctional Center ("Winn"), in Winnfield, Louisiana. He originally named as defendants Tim Wilkinson and Officer N. Garrett.

On March 27, 2007, Carter filed an amended complaint in which he requested that his claims against Warden Wilkinson be dismissed voluntarily.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing order of this Court.

## STATEMENT OF THE CASE

Carter has alleged that he was in the Winn Correctional Center infirmary waiting room on April 14, 2006, when Officer Garrett became "enraged by the taunting of prisoners." [Doc. #1-1, p.3] The officer approached Plaintiff "in an overly aggressive manner" and requested Plaintiff's name and housing unit. [Doc. #1-1, p.3] Plaintiff claims that he answered Garret and, without provocation, the officer threw Plaintiff against the wall and choked him. Other inmates called

Garrett's co-workers over to help, and they pulled Officer Garrett off of the plaintiff. Plaintiff seeks punitive and compensatory damages in the amount of two hundred and fifty thousand dollars. [Doc. #1-1, p.3-4]

Plaintiff has since been transferred to Wade Correctional. According to Plaintiff, Garrett was subsequently fired from Winn Correctional, for reasons unknown to Plaintiff.

## LAW AND ANALYSIS

1.  Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). A hearing need not be conducted for every pro se complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986).

2.  Excessive Force

Plaintiff states that Officer Garrett used unnecessary and excessive force against him. The

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

Eighth Amendment proscribes punishments that are "cruel and unusual." Therefore, "[w]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Baldwin v. Stalder, 137 F.3d 836, 838 (5th Cir.1998) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992). According to Petitioner's allegations, prisoners in the infirmary were taunting Officer Garrett to the point that he became enraged and reacted by pushing and choking Plaintiff.

The Fifth Circuit provided the following as an aid to District Courts charged with the evaluation of excessive force claims: "Several factors are relevant in the inquiry whether unnecessary and wanton infliction of pain was used in violation of a prisoner's eighth amendment right to be free from cruel and unusual punishment. These include: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." Baldwin v. Stadler, 137 F.3d 836, 839 (5th Cir.1998) (quoting Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir.1992)). The Court thereafter cautioned, "these identified factors are not exclusive; each case must be judged on its own facts." *Id.*, 839.

In the instant case, Plaintiff alleged that Officer Garrett was being taunted by the inmates in the infirmary, and reacted by pushing and choking Plaintiff. He also alleged that "reports were written by the staff regarding the incident and those reports were turned over to ranking officers with a copy going to the Warden's Office. Furthermore, Officer Garrett was later fired for something. The nature of that firing was not disclosed to plaintiff." [Doc. #6, p.4]

The United States Supreme Court has held that while the malicious and sadistic use of force

3

to cause harm is actionable, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. Rather, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotation marks omitted). In its application of that maxim, the Fifth Circuit has held "... to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement the physical injury be significant, serious, or more than minor." Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir.1999).

Plaintiff was ordered to amend his complaint to describe what, if any, injuries he suffered from the incident. Plaintiff stated that he sometimes has trouble sleeping, often gets headaches, and sometimes has a negative feeling about staff members due to Officer Garrett's actions. The Fifth Circuit has not provided a definition of what constitutes a "physical injury" or a "de minimis" injury. However, it has been observed that a greater than "de minimis" physical injury is:

> "an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise about de minimis, would under Siglar v. Hightower, supra, require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)." Luong v. Hatt, 979 F. Supp. 481, 486 (D. Tex. 1997)

Accepting Plaintiff's allegations as true, he has not demonstrated that the force used by defendant Garrett caused him to suffer more than a *de minimis* injury.

4

While the alleged actions of Garrett are certainly not condoned by the Court, they do not state a claim for which relief may be granted. Plaintiff's claim is legally frivolous and dismissal is recommended.

## CONCLUSION

For the reasons discussed herein, Plaintiff's claim against Officer Garrett should be DENIED and DISMISSED as frivolous and for failing to state a claim for which relief can be granted. Similarly, the claims against Warden Wilkinson should be dismissed as requested by the Plaintiff in his amended complaint.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____April_____, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE